## UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

| | |
|---|---|
| Julien Hochner, | Case No: |
| Plaintiff, | **COMPLAINT** |
| v. | |
| Equifax Information Services, LLC and Experian Information Solutions, Inc., | JURY TRIAL DEMANDED |
| Defendants. | |

Plaintiff Julien Hochner ("*Plaintiff*"), by and through the undersigned counsel, complains, states and alleges against defendants Equifax Information Services, LLC ("*Equifax*") and Experian Information Solutions, Inc. ("*Experian*") (Equifax and Experian may be hereinafter referred to collectively as "*CRA Defendants*" or "*Defendants*") as follows:

### INTRODUCTION

1.      This action seeks to recover for violations of the Fair Credit Reporting Act (the "*FCRA*"), 15 U.S.C. § 1681 *et seq.*

2.      This action seeks relief against Defendants for reporting inaccurate and/or misleading information on Plaintiff's credit report(s) in violation of 15 U.S.C. § 1681e(b); and for Defendants' failure to conduct a reasonable investigation into Plaintiff's disputes in violation of 15 U.S.C. § 1681i(a).

3.      Plaintiff seeks an Order enjoining Defendants' injurious conduct and to recover, *inter alia*, statutory damages, prejudgment and post-judgment interest, and reasonable attorneys' fees and expenses for injuries suffered as a result of Defendants' erroneous reporting of inaccurate

information in Plaintiff's consumer background reports.

4.      As a result of Defendants' conduct in misreporting and failing to reasonably investigate Plaintiff's dispute(s) and failing to correct the inaccuracies identified therein, Plaintiff has sustained actual damages including, but not limited to: a decreased credit score; decreased credit worthiness and credit capacity; the emotional and mental pain due to the anxiety and stress of the negative impact of the errors at issue, despite having taken steps to resolve them; and the dissemination of this inaccurate reporting to third parties.

5.      Plaintiff seeks to recover monetary damages for Defendants' violations of the FCRA and to have an Order issued by this Court enjoining Defendants from persisting in their violative behaviors.

## JURISDICTION AND VENUE

6.      Jurisdiction of the Court arises under 28 U.S.C. § 1331 and 15 U.S.C. § 1681p.

7.      Venue is proper pursuant to 28 U.S.C. § 1391(b)(3) insofar as Plaintiff resides in this judicial district and a substantial part of the events and/or omissions giving rise to Plaintiff's claim occurred in this judicial district.

## PARTIES

8.      Plaintiff Julien Hochner is an adult who is a citizen of the State of Connecticut residing in Hartford County, Connecticut.

9.      Plaintiff is a "consumer" as that term is defined by 15 U.S.C. § 1681a(c).

10.      Defendant Equifax is a Georgia limited liability company which has a principal place of business located at 1550 Peachtree Street, NW, Atlanta, GA 30309.

11.      Defendant Equifax Information Services, LLC, is a subsidiary of Equifax, Inc. and qualifies as a consumer reporting agency (hereinafter "*CRA*"), as defined under 15 U.S.C. §

1681a(f) and regularly conducts business in this judicial district.

12.    Defendant Equifax is registered to do business in the State of Connecticut.

13.    Defendant Equifax by contractual agreement, disseminates consumer background reports for remuneration to third parties, including that of Plaintiff.

14.    Defendant Experian is an Ohio corporation which has a principal place of business located at 475 Anton Blvd., Costa Mesa, CA 92626.

15.     Defendant Experian is registered to do business in the State of Connecticut.

16.    Defendant Experian is a CRA as defined under 15 U.S.C. § 1681a(f) and NY FCRA § 380-A(e), that regularly conducts business in this judicial district.

17.    Defendant Experian by contractual agreement, disseminates consumer background reports for remuneration to third parties, including that of Plaintiff.

## SUBSTANTIVE ALLEGATIONS OF FCRA

18.    Congress enacted § 1681 *et seq.* of Title 15 of the United States Code, § of 1681(a) which provides as follows:

(1)    The banking system is dependent upon fair ***and accurate*** credit reporting. ***Inaccurate credit reports directly impair the efficiency of the banking system***, and unfair credit reporting methods undermine the public confidence which is essential to the continued functioning of the banking system.

(2)    An elaborate mechanism has been developed for investigating and evaluating the credit worthiness, credit standing, credit capacity, character, and general reputation of consumers.

(3)    Consumer reporting agencies have assumed a vital role in assembling and evaluating consumer credit and other information on consumers.

(4)    There is a ***need to insure that consumer reporting agencies exercise their grave responsibilities with fairness***, impartiality, and a respect for the consumer's right to privacy.

(Emphases added).

19.    FCRA mandates that CRAs adhere to the following duties: (i) to assure maximum

possible accuracy of information when preparing consumer reports and to set up reasonable policies procedures to maintain compliance with this minimum reporting standard; and (ii) to reinvestigate the facts and circumstances surrounding a dispute by consumers and to appropriately and timely correct any inaccuracies, including by quickly notifying the furnisher and any other parties in the distribution chain of any disputed inaccuracies.

20.     CRAs compile, maintain, and report information concerning the creditworthiness, credit-standing, credit capacity, character, and reputation of consumers in general, and of Plaintiff specifically.  That information is then made available for use by third parties in credit transactions involving consumers, for employment purposes, for the underwriting of insurance for consumers, and even housing.

21.     Plaintiff has a legally protected interest in Defendants fulfilling their duties under FCRA so that the credit information being furnished and reported by them is maintained fairly, with the maximum levels of confidentiality, accuracy, and relevancy.

22.     Plaintiff's injuries are particularized and actual and are directly traceable to Defendants' conduct, misconduct and/or omissions.

23.     The deprivation of Plaintiff's rights will be redressed by a favorable decision herein.

## FACTUAL ALLEGATIONS

24.     Defendants are reporting inaccurate information on Plaintiff's consumer credit reports.

25.     In or about February of 2020, Plaintiff opened an account with the Marriot Vacation Club ("*Marriot*") in connection with a timeshare purchase, which was secured by a mortgage (the "*Loan*").

26.     Plaintiff's timing was unfortunate, insofar as he entered into the Loan for the purchase of his timeshare approximately one month before the world shut down due to the COVID-19 pandemic.

27.     Plaintiff nonetheless made payments in connection with the Loan for approximately eighteen (18) months, after which time, the Loan went into default.

28.     As a result of the default, proceedings to foreclose the mortgage were commenced against Plaintiff, thus accelerating the mortgage and making the entire loan due and payable.

29.     Or about March 20, 2023, a foreclosure auction was held at which time Plaintiff's timeshare interest was sold back to Marriot, as the highest bidder.

30.     As a result of the acceleration of the loan and the foreclosure action being consummated, the Loan was closed and no "Scheduled Payment Amount" or "Amount Past Due" should be reported on the Loan account.

31.     In addition, the Loan should have been reported with the status "Foreclose".

32.     Plaintiff discovered that Defendants were reporting inaccurate, misleading and/or incomplete information to his credit reports.

33.     Defendant Experian reported the following inaccurate information on Plaintiff's credit report:

  a.   The Loan is marked as "Open", despite the loan being closed after the loan was foreclosed on March of 2023.

  b.   The Loan reported an "Amount Past Due" of $9,682, despite the loan being accelerated and the entire amount of the obligation being due.

  c.   The Loan reported a "Monthly Payment" of $584 despite the monthly obligation being extinguished after the loan was accelerated.

5

d. The Loan is reported as 180 days late for April 2023, despite the foreclosure sale which occurred in March of 2023.

34. The totality of Experian's inaccuracies created a misleading picture of Plaintiff's Loan, making it appear as though the loan was still an active monthly obligation further worsening Plaintiff's credit score, credit profile and payment history and inflating his monthly liabilities.

35. Defendant Equifax reported the following inaccurate information on Plaintiff's credit report:

a. The Loan is reported as "Over_120_Days_Past_Due", despite the foreclosure sale which occurred in March of 2023.

b. The Loan reported an "Amount Past Due" of $9,682, despite the loan being accelerated and the entire amount of the obligation being due.

c. The Loan reported a "Scheduled Payment Amount" of $584 despite the monthly obligation being extinguished after the loan was accelerated.

d. The Loan is reported as 180 days late for April 2023, despite the foreclosure sale which occurred in March of 2023.

36. In addition, Equifax's reporting of the Loan was incomplete, in that they failed to properly credit Plaintiff for the February 2020 and March 2020 payments that he made on the Loan, instead marking the payment history with "No Data" for those months.

37. The totality of Defendant Equifax's inaccuracies and incomplete reporting created a misleading picture of Plaintiff's Loan, making it appear as though the loan was still an active monthly obligation, further worsening Plaintiff's credit score, credit profile and payment history and inflating his monthly liabilities.

38. On or about April 7, 2023, Plaintiff caused a dispute letter to be sent via certified

mail to Defendants informing them of these issues (the "*FCRA Dispute Letter*").

39.    As proof of the foreclosure and sale, Plaintiff attached the Certificate of Sale of the Marriott Timeshare to the FCRA Dispute Letter.

40.    Based upon United States Postal Service tracking information, Defendants received the FCRA Dispute Letter.

41.    Following Defendants' thirty (30) day FCRA investigation period, Defendants continued to inaccurately report the Loan as more fully described above.

42.    Upon information and belief, Defendants failed to deliver the notice of dispute to Marriot.

43.    Upon information and belief, Defendants either failed to perform any investigation at all or performed unreasonable investigations and erroneously verified the inaccurate and incomplete account as accurate.

44.    Defendants failed to remedy the inaccuracies.

45.    Had Defendants performed reasonable investigations, the account at issue would have been modified to reflect that there is no further monthly payment obligation, the account status would be updated to reflect as closed and a foreclosure, or the tradeline would have been deleted entirely.

46.    As such, Defendants failed to practice reasonable procedures to assure maximum possible accuracy.

47.    As a result of Defendants' conduct in misreporting and failing to reasonably investigate the dispute and correct inaccuracies, Plaintiff has sustained actual damages including, but not limited to: a decreased credit score; decreased credit worthiness and credit capacity; wrongly inflated liabilities; emotional and mental pain due to the anxiety and stress of the negative

credit impact of the errors at issue despite taking steps to resolve it; and the dissemination of this inaccurate reporting to third party prospective creditors.

<u>**COUNT I**</u>
**Defendants' Violations of the FCRA, 15 U.S.C. § 1681e(b).**

48.     Plaintiff repeats and realleges the foregoing paragraphs as if same were fully restated herein.

49.     Defendants systemically violated 15 U.S.C. § 1681e(b) by failing to adhere to, maintain and/or establish reasonable procedures to assure maximum possible accuracy in the preparation of Plaintiff's credit reports and credit files they compiled and maintained concerning Plaintiff, which were published.

50.     Upon receipt of Plaintiff's dispute(s), Defendants were legally required to: (i) conduct a reasonable investigation or re-investigation into all the circumstances surrounding the dispute(s); and (ii) when and if appropriate, remove or correct any inaccurate information following the performance of the reasonable investigation(s).

51.     Upon information and belief, Defendants' conduct in the instant matter is representative of their normal policies and procedures (or lack thereof) for maintaining accurate credit reporting.

52.     In violation of 15 U.S.C. §§ 1681e(b) and 1681(i), Defendants failed to follow reasonable procedures to assure maximum possible accuracy of the information attributable to Plaintiff, by reporting inaccurate information in Plaintiff's consumer background report(s).

53.     Plaintiff disputed the inaccurate information and Defendants knowingly or intentionally failed to perform reasonable investigations to remove or correct the inaccurate information.

54.     Plaintiff disputed the inaccurate information and Defendants recklessly failed to

perform reasonable investigations to remove or correct the inaccurate information.

55.     Alternatively, Plaintiff disputed the inaccurate information and Defendants negligently failed to perform reasonable investigations to remove or correct the inaccurate information.

56.     As a result of Defendants' violations of 15 U.S.C. § 1681, Plaintiff suffered actual damages which have been further described in the above statement of facts.

57.     In violation of 15 U.S.C. § 1681o and 15 U.S.C. § 1681n, Defendants' conduct, misconduct or omissions was a direct and proximate cause of Plaintiff's injuries.

58.     Defendants are liable to Plaintiff for their negligent and willful failures to follow reasonable policies and procedures.

59.     As a result of Defendants' violations of 15 U.S.C. §§ 1681e(b) and 1681i, Plaintiff suffered statutory and actual damages as described herein and is entitled to recover actual damages and punitive damages, pursuant to 15 U.S.C. §§ 1681n and 1681o.

60.     For the foregoing reasons, Defendants violated 15 U.S.C. § 1681e(b) and are liable to Plaintiff for actual damages, statutory damages, punitive damages, costs, and attorneys' fees in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and § 1681o.

### COUNT II
### Defendants' Violations of the FCRA, 15 U.S.C. § 1681i *et seq.*

61.     Plaintiff repeats and realleges the foregoing paragraphs as if same were fully restated herein.

62.     Defendants violated 15 U.S.C. § 1681i(a)(1) by failing to conduct reasonable reinvestigations to determine whether the disputed information was accurate and record the current status of the disputed information or delete the item(s) from Plaintiff's credit report(s).

63.     Defendants violated 15 U.S.C. § 1681i(a)(1) by failing to conduct reasonable

reinvestigations to determine whether the disputed information was accurate and record the current status of the disputed information or correct the item(s) from Plaintiff's credit report(s)

64.     Defendants violated 15 U.S.C. § 1681i(a)(4) by failing to review and consider all relevant information submitted by Plaintiff regarding the dispute(s).

65.     Defendants violated 15 U.S.C. § 1681i(a)(5)(A) by failing to promptly delete the disputed inaccurate information from Plaintiff's credit file(s) or correct the inaccurate information upon reinvestigation.

66.     Defendants never contacted Plaintiff to follow up on, verify and/or elicit more specific information about Plaintiff's dispute.

67.     Upon information and belief, Defendants never: (i) contacted any third parties that would have relevant information concerning Plaintiff's dispute(s); (ii) forwarded any relevant information concerning Plaintiff's dispute(s) to Marriot, as the furnisher of information (or misinformation); or (iii) requested or obtained any credit applications, or other relevant documents from Marriot, as the furnisher of information (or misinformation). As such, there is no evidence of any reasonable investigations being conducted.

68.     As a result of Defendants' violations of 15 U.S.C. §1681, Plaintiff suffered actual damages which have been further described above in the statement of facts.

69.     Defendants' violations were willful because they had knowledge of the issue(s) after receiving detailed dispute letter(s) and/or exhibited a reckless disregard for the information provided in those disputes, rendering Defendants individually liable for statutory and punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

70.     In the alternative, Defendants were negligent, which entitles the Plaintiff to recovery under 15 U.S.C. § 1681o.

71.     For the foregoing reasons, Defendants violated 15 U.S.C. § 1681i and are liable to Plaintiff for actual damages, statutory damages, punitive damages, costs, and attorneys' fees in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and § 1681o.

## JURY DEMAND

72.     Pursuant to Federal Rule of Civil Procedure 38, Plaintiff hereby demands a trial by jury of all issues triable by jury.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff respectfully requests the Court enter judgment against Defendant, as follows:

a   Adjudging that Defendants' actions violated the FCRA;

b   Enjoining Defendants from persisting in violative behaviors and requiring Defendants to correct or otherwise delete the account(s) at issue in Plaintiff's credit report(s);

c   Granting Plaintiff actual damages pursuant to 15 U.S.C. §§ 1681n(a)(1)(A) and 1681o(a);

d   Granting Plaintiff statutory damages pursuant to 15 U.S.C. § 1681n(a)(1)(A);

e   Granting Plaintiff punitive damages pursuant to 15 U.S.C. § 1681n(a)(2);

f   Granting Plaintiff costs and reasonable attorneys' fees pursuant to 15 U.S.C. §§ 1681n(c) and 1681o(b);

g   Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law; and

h   Such other and further relief as the Court determines is just and proper.

DATED: November 14, 2023

**SANDERS LAW GROUP**

By: */s/ Craig B. Sanders*
Craig B. Sanders, Esq.
333 Earle Ovington Boulevard, Suite 402
Uniondale, New York 11553
Email: acesar@sanderslaw.group
Office: (516) 203-7600
Direct: (516) 203-7612
Fax: (516) 282-7878
*Attorneys for Plaintiff*
Our File No.: 128255